**Norma Jean VANCE, Plaintiff,**

v.

**TEXAS A & M UNIVERSITY SYSTEM and Prairie View A & M University, Defendants.**

**Civ. A. No. H–86–3571.**

United States District Court,
S.D. Texas,
Houston Division.

Sept. 21, 1987.

Horace E. Campbell, Jr., Blackburn, Gamble & Henderson, Houston, Tex., for plaintiff.

Priscilla L. Champion, Asst. Atty. Gen., Austin, Tex., for defendants.

### ORDER

HITTNER, District Judge.

This Court declares and orders, sua sponte, that a mistrial occurred on September 9, 1987, due to the lack of competent counsel for the Plaintiff and due to the fact that substantial justice has not been done.

Plaintiff brings this action pursuant to Tile VII, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. She alleges that she was discriminated against because of her race and sex.

Plaintiff is a white female who was employed by Prairie View A & M University from September 1, 1979, to May 31, 1986. She was a dance instructor and on the probationary tenure track. University officials reviewed Plaintiff for tenure consideration in the fall of 1984. The University decided not to grant tenure to Plaintiff, and informed her that her seven-year contract would expire according to its terms. In August 1985, Plaintiff requested an extension of probationary tenure. This request was denied, and Plaintiff filed suit.

Pursuant to Rule 40 of the Federal Rules of Civil Procedure, this case was called to trial one week prior to the date specified in the Rule 16 Scheduling Order. The Court notified counsel for both parties by contacting their offices in the early afternoon of Friday, September 4, 1987. The Court informed the offices of both counsel that a pretrial conference was set for Tuesday, September 8, 1987, at 1:30 p.m., and that the parties should be ready for trial on Wednesday, September 9. The Court held the pretrial conference on September 8 with counsel for both parties present. The case proceeded to trial before the Court on September 9.

Although Plaintiff's counsel, Horace E. Campbell, Jr., had adequate notice that his case was scheduled for trial, counsel was wholly unprepared for trial as evidenced, in part, by the following facts:

1. Counsel sought to file an amended complaint minutes before trial to pray for reinstatement of Plaintiff's

teaching position at Prairie View. Counsel seemed unaware that a formal, written motion for leave to amend was required and, additionally, that the motion cutoff date was June 19, 1987, pursuant to the Rule 16 Scheduling Order previously entered by this Court.

2. Counsel failed to take reasonable, prudent steps in contacting previously designated expert witnesses for trial preparation and court appearance. Counsel implied to the Court that he had recently contacted his experts, but that due to the new trial date, they would be unavailable. After further inquiry by the Court, including a request by the Court that both experts be called on the telephone from the courtroom, counsel revealed that it had been six weeks since his last contact with Plaintiff's expert witnesses.

3. Counsel failed to file the pretrial order on July 17, 1987, the prescribed date in the Rule 16 Scheduling Order signed by this Court and agreed to by Mr. Campbell on January 29, 1987. Counsel filed only a portion of the pretrial order on the day of trial.

4. Counsel additionally failed to follow local rule 6 in his failure to utilize the exhibit list form as required by Appendix E–1 of the local rules. Counsel failed to convince the Court that following the local rules was not required.

In addition to these specific incidents, Counsel's overall presentation of Plaintiff's case was completely unorganized and ineffective.

In the opinion of this Court, a United States District Judge has the inherent duty to prevent what he or she considers to be a miscarriage of justice. A trial judge is not a mere observer of the proceedings, nor an umpire. He or she has the affirmative duty to ensure that litigants have a full and complete opportunity to present their case to the trier of fact for determination. Based upon the foregoing, the Plaintiff in this case, Norma Jean Vance, had no such opportunity. On such an occasion, rare as it may be in our adversary system, it is incumbent upon the court to intervene in the interest of justice and of the integrity of our legal system. This is such an instance. It is therefore

ORDERED that a mistrial occurred in this case on September 9, 1987. It is further

ORDERED that Plaintiff has 60 days from the date of this order to personally confirm in a signed writing filed with this Court that (1) Horace E. Campbell, Jr., will continue to proceed as Plaintiff's attorney, or (2) Plaintiff will secure new counsel, who will file a formal substitution of counsel within the prescribed 60–day time period, or (3) Plaintiff will proceed *pro se* (that is, as her own attorney).